IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 26, 2007

Charles R. Fulbruge III
Clerk

_____

No. 07-20137
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LOT 6 BLOCK 4 LAKEWOOD OAK ESTATES
SEC. 2 HARRIS COUNTY, TEXAS

Defendant

v.

ALLISON WILEY,

Claimant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
(4:06-CV-1124)

_____

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Claimant-Appellant Allison Wiley appeals the rulings of the district court in her action ancillary to forfeiture proceedings arising from the criminal conviction of her husband and the ensuing forfeiture of their real property located at 13711 Cypress Pine Circle, Cypress, Texas ("the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property"). Specifically, Wiley contends that the district court erred in denying her innocent-owner defense under 18 U.S.C. § 983(b) and protection under the Texas State Homestead Exemption which the district court ruled is forfeitable pursuant to 21 U.S.C. § 853; as a result of which the court determined Wiley's interest in the property to be 8.84% in the eventual sale proceeds of the property. In her said ancillary proceedings in the district court, Wiley also asserted that she was a bona fide purchaser without knowledge in addition to her status as an innocent owner of the property and her protection from forfeiture under the Texas homestead law.

Following a careful analysis of Wiley's and the government's legal and factual positions, including details of funds used by Wiley and her husband in acquiring the property and the allocation between tainted and non-tainted funds, the district court determined that 17.68% of the purchase price was paid for with legitimate funds, entitling Wiley to her community half, or an 8.84% interest in the property. The court authorized the government to compel the sale of the property irrespective of Wiley's homestead claim under Texas law, concluding that, under the Supremacy Clause, Congress had the authority — which it exercised — to provide for the criminal forfeiture of property and, in so doing, to craft a federal forfeiture statute that "trumps...state-created homestead interests."

Counsel for the government and Wiley have urged us to dispense with

2

oral argument and to dispose of this matter on the basis of the appellate briefs and record on appeal. We have, therefore, carefully reviewed that record and applied the law as explicated in the briefs of the parties and our independent research, applying the relevant established standards of review applicable here, viz., reviewing the district court's legal conclusions de novo and its factual determinations for clear error. In this instance, the facts are largely undisputed, so the outcome of this appeal turns in principal part on the legal determinations of the district court.

Our review of the record on appeal, the rulings of the district court, and the legal arguments of counsel for the respective parties satisfies us that the district court correctly denied Wiley the protection she sought under the Texas Homestead Exemption, the innocent-owner defense, and the Bona Fide Purchaser Doctrine; and that it correctly determined Wiley's interest in the property and in the ultimate proceeds of the sale thereof. Although we are not unmindful of the difficulties and hardships visited on Wiley or unsympathetic with her plight, we conclude that the law pertinent to the facts of this case was correctly determined and applied by the district court. As such, its rulings and judgment are, in all respects,

AFFIRMED.